David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Stevan Lieberman, Esq. (*Pro Hac Vice* pending)
**Greenberg & Lieberman, LLC**
1775 Eye Street, Suite 1150
Washington, D.C. 20006
Tel.:(202) 625-7000
Fax: (202) 625-7001
Stevan@aplegal.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmed Bilal, an individual<br><br>    Plaintiff,<br><br>v.<br><br>Football Media Pvt Limited, a foreign corporation; footballmedia.co, *in rem*,<br><br>    Defendants. | Case No._____<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ahmed Bilal ("Bilal" or "Plaintiff") alleges for his Complaint against Defendant Football Media Pvt Limited ("FM") and the domain name <FOOTBALLMEDIA.CO> ( collectively "Defendants"), on personal knowledge as to his own activities and on information and belief as to the activities of others as follows:

## NATURE OF THE CONTROVERSY

1. This action seeks declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) to establish that Plaintiff Ahmed Bilal's registration and use of the domain name "footballmedia.com" (the "Disputed Domain") is not unlawful, and that Football Media Pvt Limited has no rights to the Disputed Domain, under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

2. This action arises from a dispute between two business partners where Plaintiff offered to sell his rights in Defendant plus his trademarks rights and domain in exchange for monetary renumeration. Defendant never consummated the deal and instead filed a UDRP to wrongfully take the domain name.

3. Prior to the UDRP proceeding, Plaintiff licensed his domain name <FOOTBALLMEDIA.COM> and trademark rights to Defendant.

4. The Domain Name <FOOTBALLMEDIA.COM> has been suspended by the registrar, NameCheap, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name FOOTBALLMEDIA.COM. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of FOOTBALLMEDIA.COM is not, and has not been in violation of the ACPA or any other laws, and that Plaintiff's use of FOOTBALLMEDIA.COM constitutes neither an infringement of Defendant's rights.

## THE PARTIES

5. Plaintiff Ahmed Bilal is a citizen of Pakistan, residing at House 106, Street 22, Sector B, Askari 11, Lahore, Pakistan.

6. Upon information and belief, Defendant Football Media Pvt Limited (hereinafter "Defendant" or "FM") is a private limited company with an address at 4 Beaufort Parklands, Railton Road, Guildford, Surrey, GU2 9JX.

7. The Defendant Domain Name, FOOTBALLMEDIA.COM (hereinafter "Disputed Domain Name") for which the registrar NameCheap has an address of 4600 East Washington Street Suite 305, Phoenix, AZ 85034.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 that Plaintiff's registration and use of the Disputed Domains is not unlawful under the

Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) and Defendant has engaged in Reverse Domain Name Hijacking.

9. This Court has personal jurisdiction over Defendant as it has consented to jurisdiction by this Court in Paragraph IX of its Complaint with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

10. Venue is proper in this District under 28 U.S.C. § 1391 (b)(2). A substantial part of the property that is subject of this action is situated in this District. Moreover, venue is proper in this district due to Defendant FM's voluntary submission to this Court's jurisdiction when Defendant filed a complaint with the World Intellectual Property Organization (WIPO) dispute resolution service concerning Plaintiff's registration of the Disputed Domains.

11. The Disputed Domain has situs in this District within the meaning of 15 U.S.C. § 1125(d)(2)(C). The registrar for the Disputed Domain is NameCheap, which is not only headquartered in this District, but upon information and belief also has additional business locations in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12. Defendant is attempting to wrest control of Plaintiff's Domain Name by asserting incorrect facts.

13. Plaintiff purchased the disputed domain name on June 20, 2007 through BuyDomains.com.

14. Plaintiff has paid for all renewals of the disputed domain name through his personal funds.

15. Plaintiff used the disputed domain name as the main website for a soccer sites network which he named Football Media starting in 2007.

16. In August 2009 Plaintiff and Dean Kamorudeen Akinjobi started a joint venture wherein Plaintiff agreed to license his domain name, the disputed domain name

and his trademark to the new joint venture with all good will inuring to the benefit of the Plaintiff.

17. The Joint venture continued until 2020 when the parties began to negotiate the sale of Plaintiff's interest in both the joint venture, his domain name and trademark rights.

18. The negotiations were never completed, however Plaintiff added Defendant's name as a co-owner of the domain name with Plaintiff. This was done solely to facilitate Defendant obtaining a loan to buy Plaintiff's rights.

19. Defendant used the latter fact to file a UDRP action and asserted untruths to win.

20. Currently the disputed domain name and related trademark are still owned by Plaintiff as Defendant did not pay as agreed.

**COUNT ONE**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

21. Plaintiff realleges and incorporates all previous paragraphs as though fully set forth herein.

22. An actual controversy exists about whether Plaintiff should be entitled to the domain name <FOOTBALLMEDIA.COM> under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

23. The Anticybersquatting Consumer Protection Act provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

24. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of his domain name under the UDRP has a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

25. Defendant does not have any rights to use of the mark.

26. When Plaintiff registering the Disputed Domains, Defendant did not exist and as such Plaintiff could not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from any mark alleged to be owned by Defendant.

27. In registering the Disputed Domains, Plaintiff could not have had the intent, as provided in 15 U.S.C. § 1125(d)(1)(B), to divert consumers from Defendant's online location to a site accessible under the Disputed Domains that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

28. As required by 15 U.S.C. § 1114(2)(D), Plaintiff has given notice to Defendant of its intent to file an action to establish that Plaintiff's registration and use of the Disputed Domain is not unlawful under the ACPA.

## COUNT TWO
### Declaratory Judgment

29. Plaintiff realleges and incorporates all previous paragraphs as though fully set forth herein.

30. A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to register and use the Disputed Domains. As a consequence of the dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

31. Plaintiff is the true owner of the Domain Name and associated trademark, and all other rights relating thereto.

## COUNT THREE
### Reverse Domain Name Hijacking

32. Plaintiff realleges and incorporates all previous paragraphs as though fully set forth herein.

33.     Defendant initiated the UDRP proceeding against Plaintiff in a bad faith attempt to deprive Plaintiff of the Disputed Domain as a method designed to steal the Disputed Domain from Plaintiff when Defendant was unable to pay the agreed upon amount.

34.     Under the UDRP rules, Defendant had a duty to certify that the information contained in its UDRP complaint and in its responses to procedural orders were, to the best of their knowledge, complete and accurate.

35.     Instead, Defendant knowingly provided the UDRP panel with a Complaint that was based on untruths and fabrications.

36.     Indeed, the Panel found for the Defendant in the UDRP proceeding and ordered the transfer of the Disputed Domain Name to Defendant.

37.     It is equally clear that Defendant disregarded clear evidence of the validity of Respondent's rights, and persisted with its UDRP Complaint in bad faith as a "Plan B" response after it failed to negotiate in good faith when it made an offer to purchase the Disputed Domain.

38.     The ACPA establishes a right of relief against a person or entity attempting to take ownership of domain names that have not been registered or used in violation of the trademark owner's rights. As Plaintiff in this action is the trademark owner and not Defendant, Plaintiff could not have violated Defendant's trademark rights. This practice is called "reverse domain name hijacking."

39.     The Internet Corporation for Assigned Names and Numbers ("ICANN"), the organization responsible for promulgating the UDRP, defines reverse domain name hijacking as "using the Policy in bad faith to attempt to deprive a registered domain-name holder of a domain name."

40.     15 U.S.C. § 1114(2)(D)(iv) and (v) provide as follows:

>   **(iv)** If a registrar, registry, or other registration authority takes an action described under clause (ii) based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to,

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorney's fees, incurred by the domain name registrant as a result of such action. The court may also grant injunctive relief to the domain name registrant, including the reactivation of the domain name or the transfer of the domain name to the domain name registrant.

**(v)** A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

41. Plaintiff's registration and use of the Disputed Domain is not unlawful under the ACPA and therefore Plaintiff has every right to possess and maintain this valuable business asset.

42. The events described herein constitute reverse domain name hijacking and warrant injunctive relief for Plaintiff under 15 U.S.C. § 1114(2)(D)(iv) and (v).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

(a) Declaring that Plaintiff's registration and use of the domain name "FOOTBALLMEDIA.COM" is not unlawful under the ACPA, 15 U.S.C. § 1124(d);

(b) Declaring that Plaintiff's registration and use of the domain name "FOOTBALLMEDIA.COM" does not constitute a bad faith intent to profit from any mark alleged to be owned by Defendant under the ACPA, 15 U.S.C. § 1124(d);

(c) Declaring that Plaintiff is not required to transfer the registration for the domain name "FOOTBALLMEDIA.COM" to Defendant;

(d) Declaring that the Registrar NameCheap shall not transfer the registrations for the domain name "FOOTBALLMEDIA.COM" to Defendant;

(e) Declaration that Defendant has engaged in Reverse Domain Name Hijacking;

(f) An order directing the registrar, NameCheap to take all actions necessary to enable the domain name FOOTBALLMEDIA.COM; to reactivate the Disputed Domain Name; to discontinue and suspension of the Disputed Domain Name; and to refrain from transferring the Disputed Domain Name from Plaintiff to Defendant;

(g) A judgment, order, or injunction enjoining Defendant from interfering with or challenging Plaintiff's registration, possession, or use of the Disputed Domain Name; and

(h) For such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Ahmed Bilal respectfully requests a trial by jury of all issues so triable.

DATED: November 11, 2020

**GINGRAS LAW OFFICE, PLLC**

/s/ David S. Gingras
David S. Gingras, Esq.

Stevan Lieberman (of counsel)
(*Pro Hac Vice* pending)
Greenberg & Lieberman, LLC
1775 Eye Street, Suite 1150
Washington, D.C. 20006
Attorneys for Plaintiff

**VERIFICATION**

I, Ahmed Bilal declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the original owner of the Defendant Domain Name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

Executed On: November 11, 2020          /s/ Ahmed Bilal
                                        Ahmed Bilal